UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Iolanda Rodriguez, individually and on behalf of all other persons similarly situated who were employed by RCI DINING SERVICES (37th STREET), INC. d/b/a VIVID CABARET; RCI HOSPITALITY HOLDINGS, INC.; and/or any other entities affiliated with or controlled by RCI DINING SERVICES (37th STREET), INC.; RCI HOSPITALITY HOLDINGS, INC., <br><br> Plaintiffs, <br><br> - against - <br><br> RCI DINING SERVICES (37th STREET), INC. d/b/a VIVID CABARET; KINEMATICS MERCHANDISING & DISTRIBUTORS, INC.; RCI HOSPITALITY HOLDINGS, INC. and/or any other entities affiliated with or controlled by RCI DINING SERVICES (37th STREET), INC. d/b/a VIVID CABARET; KINEMATICS MERCHANDISING & DISTRIBUTORS, INC.; and/or RCI HOSPITALITY HOLDINGS, INC., <br><br> Defendants. | Index No.: <br><br> **CLASS ACTION COMPLAINT** <br> **Non Jury Trial** |

Plaintiff Iolanda Rodriguez, by her attorneys, Virginia & Ambinder, LLP, alleges on behalf of herself upon personal knowledge, and on behalf of all others similarly situated upon information and belief, as follows:

## PRELIMINARY STATEMENT

1. This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 206 and 216(b), New York Labor Law § 190 *et seq.*, New York Labor Law § 650, *et. seq.*, §190, *et seq*; 12 New York Codes, Rules, and Regulations (hereinafter referred to as "NYCRR") § 142-2.1 *et seq.*, and 12 NYCRR § 137-1.2 *et seq.*, to recover for unlawful deductions, kickback of wages, and retention of gratuities, recordkeeping violations, uniform expenses, unpaid minimum wages and improperly withheld wages owed to Plaintiff and all similarly situated persons who are presently or were formerly employed by RCI DINING SERVICES (37th STREET), INC. d/b/a VIVID CABARET; KINEMATICS

-2-

MERCHANDISING & DISTRIBUTORS, INC.; and/or RCI HOSPITALITY HOLDINGS, INC. (collectively hereinafter referred to as "Defendants") and/or any other entities affiliated with or controlled by RCI DINING SERVICES (37th STREET), INC. d/b/a VIVID CABARET; KINEMATICS MERCHANDISING & DISTRIBUTORS, INC.; and/or RCI HOSPITALITY HOLDINGS, INC.

2. Defendants operate an adult entertainment establishment under the name "Vivid Cabaret," located at 61 W. 37th Street, New York, New York 10018.

3. Beginning in approximately January 2014 and, upon information and belief, continuing through the present, Defendants have engaged in a policy and practice of improperly classifying its entertainment employees as "independent contractors."

4. Upon information and belief, at all relevant times, Defendants have failed to provide the statutory minimum hourly wage to its entertainment employees.

5. Upon information and belief, at all relevant times, Defendants have engaged in a policy and practice of unlawfully demanding and accepting gratuities received by its entertainment employees, and improperly deducting "fees" and miscellaneous improper surcharges from its entertainment employees' wages.

6. Plaintiff has initiated this action seeking for herself, and on behalf of all similarly situated employees, both those who opt-in to this action pursuant to the FLSA, and the members of the putative class, all compensation, including minimum wages and improper deductions from wages, which they were deprived of, plus interest, damages, attorneys' fees, and costs.

## THE PARTIES

7. Plaintiff IOLANDA RODRIGUEZ is an individual who is currently a resident of New York State and was employed by Defendants as an entertainer from approximately January

2014 until March 2016.

8. Upon information and belief, Defendant KINEMATICS MERCHANDISING & DISTRIBUTORS, INC. (herein after referred to as "Kinematics") is corporation incorporated under the laws of the State of New York, with its principal place of business at 61 West 37th Street, New York, New York, and is a wholly owned subsidiary of Defendant RCI Dining Services (37th Street), Inc.

9. Upon information and belief, Defendant RCI DINING SERVICES (37th STREET), INC. d/b/a VIVID CABARET (herein after referred to as "RCI DINING") is a corporation incorporated under the laws of the State of New York, with its principal place of business at 61 West 37th Street, New York, New York, and is engaged in the adult entertainment business.

10. Upon information and belief, Defendant RCI Dining is a wholly owned subsidiary of Defendant RCI HOSPITALITY HOLDINGS, INC.

11. Defendant RCI HOSPITALITY HOLDINGS, INC. (hereinafter referred to as "RCI Hospitality") is a foreign corporation with its headquarters in Houston, Texas and is the parent company of Defendant RCI Dining.

12. Upon information and belief, Defendants engage in interstate commerce, produce goods for interstate commerce, or handle, sell, or work on goods or materials that have been moved in or produced for interstate commerce.

13. Upon information and belief, Defendants annual gross volume of sales made or business done is not less than $500,000.

14. Upon information and belief, Defendants jointly own and operate Vivid Cabaret in New York City, New York.

## JURISDICTION

15. Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. §216(b), and 28 U.S.C. §1331 and 1337. This court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under the New York Labor Law.

## VENUE

16. Venue for this action in the Southern District of New York under 28 U.S.C. § 1391 (b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of New York.

## FLSA COLLECTIVE ALLEGATIONS

17. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

18. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b).

19. This action is brought on behalf of Named Plaintiff and a putative collective consisting of similarly situated employees who worked as entertainers at any adult nightclub owned by Defendants at any time three years prior to the filing of this Complaint to the entry of judgment in this case.

20. Named Plaintiff and members of the putative collective all perform or performed the same primary duties.

21. Plaintiff and members of the putative collective are victims of Defendants' policy and/or plan to violate the FLSA by depriving them of their lawfully owed minimum wages pursuant to 29 U.S.C. § 206.

22. Defendants' violation of the FLSA, 29 U.S.C. §206 was willful.

23.     Upon information and belief, Defendants uniformly apply the same employment policies, practices, and procedures to all members of the putative collective.

## CLASS ALLEGATIONS

24.     Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

25.     This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), and as a Class Action under Rule 23 of the Federal Rules of Civil Procedure.

26.     This action is brought on behalf of Plaintiff and a class consisting of similarly situated employees who worked for Defendants as entertainment employees.

27.     Plaintiff and others similarly situated are all victims of the Defendants' common policy and/or plan to fail to provide the statutory minimum hourly wage to employees for all hours worked in a given workweek in violation of the applicable state law and the FLSA.

28.     The putative class action is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 40 employees. In addition, the names of all potential members of the putative class are not known.

29.     The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to, (1) whether the Defendants properly classified the Plaintiffs and the putative class members as independent contractors, (2) whether the Defendants failed to pay the statutory minimum wage, (3) whether the Defendants engaged in a policy and practice of unlawfully demanding and accepting gratuities received by its entertainment employees, improperly deducting "fees" and miscellaneous improper surcharges from its entertainment employees'

wages in violation of New York Labor Law Article 6 § 193, 196(d), and 198-b.

30. The claims of the Named Plaintiff are typical of the claims of the putative class action members. The Plaintiff and putative class action members were all subject to Defendants' policies and willful practices of refusing to pay entertainment employees the statutory minimum wage, and unlawfully demanding and accepting gratuities received by its entertainment employees and improperly deducting "fees," and miscellaneous improper surcharges from its entertainment employees' wages. The Plaintiffs and the putative class action members thus have sustained similar injuries as a result of the Defendants' actions.

31. Plaintiff and Plaintiff's counsel will fairly and adequately protect the interests of the putative class. Plaintiff has retained counsel experienced in complex wage and hour collective and class action litigation.

32. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Plaintiff and putative class action members lack the financial resources to adequately prosecute separate lawsuits against Defendants. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to Defendants' policies.

**FACTS**

33. Upon information and belief, beginning in or about January 2014, Defendants employed Plaintiff and numerous other individuals as entertainers at Vivid Cabaret.

34. Upon information and belief, under 29 U.S.C. § 201, *et seq.*, and the cases interpreting same, Vivid Cabaret constitutes an "enterprise engaged in commerce."

35. Upon information and belief, Defendants are or were the employers of Plaintiff and the members of the putative collective and class actions under the FLSA, 29 U.S.C. §201, *et*

*seq.*, and New York Labor Laws § 650, *et. seq.*, and §190, *et seq.*, and the supporting regulations, N.Y. Comp. Codes R. & Regs. Tit. 12 § 142-1.1, *et. seq.*

36. Upon information and belief, Vivid Cabaret is a highly integrated operation run by Defendants.

37. Upon information and belief, while working for Defendants, Plaintiff and the members of the putative collective and class actions were regularly required to perform work for Defendants without receiving the statutory minimum wage.

38. Defendants paid Plaintiff and others similarly situated, no wages for work they performed for Defendants.

39. Plaintiff and others similarly situated earned money at Defendants' club through tips from the club's customers.

40. Plaintiff and others similarly situated did not receive a regular hourly wage for work performed for Defendants. Defendants also did not pay Plaintiff or others similarly situated a salary or any other compensation for work they performed for Defendants.

41. Plaintiff never received a paycheck from Defendants.

42. Upon information and belief, Defendants engaged in a policy and practice of demanding and accepting gratuities and improperly deducting "fees" and miscellaneous improper surcharges from wages received by Plaintiff and other members of the putative class action.

43. Defendants' customers were encouraged to exchange real currency for funny money, called "Dance Dollars." Defendants' customers gave Plaintiff and other members of the putative class action these dance dollars as tips for services rendered.

44. If customers did not give Plaintiff dance dollars or cash, they would not be paid at

all for the work they performed for Defendants.

45. Upon information and belief, Defendants' customers reasonably believed that 100% of the proceeds of all real currency, exchanged for dance dollars, and given to entertainment employees, would be kept by entertainment employees.

46. Upon information and belief, Defendants charged, and personally retained, a fee of approximately 10% on all funny money entertainment employees received after converting the funny money back to real currency.

47. Upon information and belief, Defendants improperly deducted "fees," and other miscellaneous improper surcharges consisting of fees including, but not limited to, (1) house fees collected from entertainers prior to each shift, (2) house mom fees, (3) hair and makeup fees collected from entertainers prior to each shift, (4) DJ fees collected from entertainers prior to each shift, (5) promotion fees, (5) late fees, and (6) Plaintiff was required to purchase her own uniforms.

48. Plaintiff and others similarly situated were required to pay the above referenced fees each night that they worked for Defendants.

49. Upon information and belief, Plaintiff understood that she would not be permitted to work if she did not pay the fees.

50. Upon information and belief, Defendants do not directly pay entertainers. Rather, entertainers are entirely dependent upon customers to earn money.

51. Upon information and belief, customers pay entertainers directly.

52. Upon information and belief, Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and applicable State law by failing to maintain proper and complete timesheets or payroll records.

## FIRST CAUSE OF ACTION AGAINST DEFENDANTS: <u>FLSA MINIMUM WAGE COMPENSATION</u>

53. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

54. Pursuant to 29 U.S.C. § 206, "Every employer shall pay to each of his employees who in any work week is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: (1) except as otherwise provided in this section, not less than— (A) $5.85 an hour, beginning on the 60th day after May 25, 2007; (B) $6.55 an hour, beginning 12 months after that 60th day; and (C) **$7.25 an hour, beginning 24 months after that 60th day.**"

55. Defendants are not entitled to avail themselves of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. §201, *et. seq*.

56. Defendants are employers, within the meaning contemplated, pursuant to 29 U.S.C. §§ 203(d) and 206(a).

57. Plaintiffs and other members of the putative collective action are employees, within the meaning contemplated, pursuant to 29 U.S.C. §§203(e), (m) and 206(a).

58. Plaintiffs and members of the putative collective action, during all relevant times, were engaged in commerce or in the production of goods for commerce, or were employed in an enterprise engaged in commerce or in the production of goods for commerce.

59. 29 U.S.C. §213 exempts certain categories of employees from minimum wage obligations. None of these exemptions apply to Plaintiffs or other similarly situated entertainers.

60. Upon information and belief, Defendants violated the FLSA by failing to pay Plaintiffs and other members of the putative collective action minimum wages for hours worked in any given week.

61. Defendants' failure to pay Plaintiffs and other members of the putative collective action their rightfully owed wages was willful.

62. By the foregoing reasons, Defendants are liable to Plaintiffs and members of the putative collective action in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

### SECOND CAUSE OF ACTION AGAINST DEFENDANTS: FLSA – UNIFORM EXPENSES

63. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

64. Plaintiff and the putative collective members were paid less than the minimum wage.

65. Defendants required Plaintiff and putative collective members to wear uniforms consisting of designated attire. The uniforms Defendants required Plaintiff and putative collective members to wear could not be worn as part of their ordinary wardrobe. Defendants required Plaintiff and the putative class to wear specific distinctive styles, colors, and quality of clothing.

66. Plaintiff and the putative collective members incurred costs purchasing and laundering the uniforms for the benefit and convenience of Defendants.

67. Defendants maintained a policy and pattern or practice of failing to reimburse Plaintiff and the putative collective members for the purchase and/or laundering of their required uniforms.

### THIRD CAUSE OF ACTION AGAINST DEFENDANTS: FLSA – RECORDKEEPING VIOLATIONS

68. Plaintiff repeats and re-alleges the allegations set forth in the preceding

paragraphs.

69. In violation of the FLSA, 29 U.S.C. § 211(c), and supporting federal regulations, Defendants failed to make, keep, and preserve accurate records with respect to Plaintiff and members of the putative collective, including hours worked each workday and total hours worked each workweek.

70. Additionally, in violation of the FLSA, 29 U.S.C. §§ 203(m) and 211, and supporting federal regulations, including but not limited to 29 C.F.R. § 516.4, Defendants failed to post and keep posted in a conspicuous place in their establishment a notice explaining the FLSA, as prescribed by the Wage and Hour Division of the U.S. Department of Labor.

### FOURTH CAUSE OF ACTION AGAINST DEFENDANTS: <br> NEW YORK LABOR LAW MINIMUM WAGE

71. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

72. Pursuant to New York Labor Law Article 19 § 652, "Every employer shall pay to each of its employees for each hour worked a wage of not less than … $5.15 on and after March 31, 2000, $6.00 on and after January 1, 2005, $6.75 on and after January 1, 2006, $7.15 on and after January 1, 2007; $8.00 on and after December 31, 2013; $8.75 on and after December 31, 2014; $9.00 on and after December 31, 2015 and until December 31, 2016, or, if greater, such other wage as may be established by federal law pursuant to 29 U.S.C. section 206 or its successors or such other wage as may be established in accordance with the provisions of this article."

73. Defendants are not entitled to avail themselves of the New York State tipped minimum wage rate under the New York Labor Law and supporting regulations.

74. Defendants are employers, within the meaning of the NYLL §§ 190, 651(6), 652 and supporting New York State Department of Labor Regulations.

75. Plaintiff and other members of the putative class action are employees, within the meaning of the NYLL §§ 190, 651(5), 652 and supporting New York State Department of Labor Regulations.

76. The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff and members of the putative class.

77. Upon information and belief, Defendants violated New York Labor Law Article 19 § 650, *et. seq.* and the supporting New York State Department of Labor Regulations by failing to pay Plaintiffs and other members of the putative class action minimum wages for hours worked in any given week.

78. Upon information and belief, Defendants' failure to pay Plaintiff and other members of the putative class action their lawfully owed wages was willful.

79. New York Labor Law Article 19 § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

80. By the foregoing reasons, Defendants have violated New York Labor Law Article 19 § 650 *et seq*. and the supporting regulations, and are liable to Plaintiff and other members of the putative class action in an amount to be determined at trial, plus interest, attorneys' fees and costs.

### FIFTH CAUSE OF ACTION AGAINST DEFENDANTS: NEW YORK UNLAWFUL "KICK-BACK" OF WAGES LAW

81. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

82. Pursuant to New York Labor Law Article 6 § 198-b, Defendants are prohibited from requesting, demanding, or receiving, either before or after an employee is engaged to work, a return, donation, or contribution of any part or all of the employee's wages, salary, supplements, or other thing of value, upon the statement, representation or understanding that failure to comply with such request or demand will prevent such employee from procuring or retaining employment.

83. Defendants are employers, within the meaning contemplated, pursuant to New York Labor Law Article 6 § 190, *et seq*.

84. Plaintiff and other members of the putative class action are employees, within the meaning contemplated, pursuant to New York Labor Law Article 6 § 190 *et seq*.

85. In violation of NYLL § 198-b, Defendants maintained a policy and practice of unlawfully requesting, demanding, or receiving, a return, donation or contribution of a part of the wages, supplements, or other things of value, earned by Plaintiff and members of the putative class, upon the statement, representation, or understanding that failure to comply with such request or demand would prevent Plaintiff and members of the putative class from procuring or retaining employment.

86. Plaintiff and others similarly situated were required to pay fees including but not limited to "house fees;" "house mom fees," "DJ fees;" "hair and makeup fees;" "management fees;" "promotion fees;" and "late fees."

87. Defendants' violation of NYLL § 198-b was willful.

88. By the foregoing reasons, Defendants have violated New York Labor Law § 198-

b and are liable to Plaintiffs and other members of the putative class in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

### SIXTH CAUSE OF ACTION AGAINST DEFENDANTS: NEW YORK UNLAWFUL RETENTION OF GRATUITIES LAW

89. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

90. Pursuant to New York Labor Law Article 6 § 196-d, "No employer or his agent or an officer or agent of any corporation, or any other person shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee."

91. Defendants are employers, within the meaning contemplated, pursuant to New York Labor Law Article 6 § 190(3).

92. Plaintiff and other members of the putative class action are employees, within the meaning contemplated, pursuant to New York Labor Law Article 6 § 190(2).

93. Defendants unlawfully withheld, and personally retained, portions of gratuities provided to Plaintiffs and other members of the putative class action.

94. Defendants retained a percentage of the dance dollars paid to Plaintiff.

95. Defendants unlawfully required Plaintiff to pay fees and "tip outs" including but not limited to "house fees;" "house mom fees," "DJ fees;" "hair and makeup fees," and "management fees."

96. Defendants therefore violated New York Labor Law § 196-d by withholding, and personally retaining, portions of gratuities of Plaintiffs and other members of the putative class.

97. Upon information and belief, Defendants' violation of New York Labor Law § 196-d and supporting New York State Department of Labor Regulations, including but not

limited to the regulations in 12 NYCRR § 137-2.5 was willful.

98. By the foregoing reasons, Defendants have violated New York Labor Law § 196-d and are liable to Plaintiffs and other members of the putative class in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

### SEVENTH CAUSE OF ACTION AGAINST DEFENDANTS: NEW YORK UNLAWFUL DEDUCTIONS LAW

99. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

100. Pursuant to New York Labor Law Article 6 § 193. "No employer shall make any deduction from the wages of an employee, except deductions which … are expressly authorized in writing by the employee and are for the benefit of the employee; provided that such authorization is kept on file on the employer's premises. Such authorized deductions shall be limited to payments for insurance premiums, pension or health and welfare benefits, contributions to charitable organizations, payments for United States bonds, payments for dues or assessments to a labor organization, and similar payments for the benefit of the employee."

101. Defendants are employers, within the meaning contemplated, pursuant to New York Labor Law Article 6 § 190(3).

102. Plaintiff and other members of the putative class action are employees, within the meaning contemplated, pursuant to New York Labor Law Article 6 § 190(2).

103. Defendants unlawfully made deductions from wages earned by the Plaintiff and other members of the putative class action for surcharges and fees *including but not limited to* "house fees;" "house mom fees," "DJ fees;" "hair and makeup fees;" "management fees;" "promotion fees;" "late fees;" and Defendants required Plaintiff to purchase her own uniform.

104. The aforementioned unlawful deductions, and any other deductions from wages

earned by Plaintiff and other members of the putative class action, are not similar to payments for insurance premiums, pension or health and welfare benefits, contributions to charitable organizations, payments for United States bonds, payments for dues or assessments to a labor organization.

105. Defendants therefore violated New York Labor Law § 193 by making improper deductions from the wages of the Plaintiff and other members of the putative class action.

106. Upon information and belief, Defendants' violation of New York Labor Law § 193 was willful.

107. By the foregoing reasons, Defendants have violated New York Labor Law § 193 and are liable to Plaintiffs and other members of the putative class in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

### EIGHTH CAUSE OF ACTION AGAINST DEFENDANTS: NEW YORK LABOR LAW – UNIFORM EXPENSES

108. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

109. Defendants required Plaintiff and putative class members to wear uniforms consisting of designated attire. The uniforms Defendants required could not be worn as part of Plaintiff's and members of the putative class's ordinary wardrobe. Defendants required Plaintiff and the putative class to wear specific distinctive styles, colors, and quality of clothing.

110. Defendants required Plaintiff and members of the putative class to purchase their own uniforms. In violation of the NYLL and its supporting regulations, including NYCRR § 137-1.8, Defendants did not reimburse Plaintiff or putative class members for these costs.

111. Defendants did not reimburse Plaintiff or putative class members for any uniform-related expenses.

112. As a result of Defendants' failure to reimburse Plaintiff or putative class members for their uniform-related expenses, Plaintiff and putative class members were paid at a rate below the minimum wage.

### NINTH CAUSE OF ACTION AGAINST DEFENDANTS: NEW YORK LABOR LAW – RECORDKEEPING VIOLATIONS

113. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

114. In violation of NYLL Article 19, §§ 650 *et seq.*, and supporting regulations, including 12 NYCRR § 142-2.6(a)(4), Defendants failed to make, keep, and preserve accurate records regarding the hours worked each workday and total hours worked each workweek by Plaintiff and putative class members.

115. In violation of the NYLL Article 19, §§ 650 *et seq.*, and supporting regulations, including but not limited to 12 NYCRR § 142-2.8, Defendants failed to post a notice issued by the New York Department of Labor explaining the NYLL minimum wage provisions in a conspicuous place in their establishment.

116. Additionally, in violation of the NYLL and supporting New York State Department of Labor Regulations, including but not limited to 12 NYCRR § 137-2.3, Defendants failed to post a notice issued by the New York State Department of Labor summarizing the NYLL tipped minimum wage provision in a conspicuous place in their establishment.

117. Furthermore, in violation of the NYLL and supporting New York State Department of Labor Regulations, including but not limited to 12 NYCRR § 137-2.2, Defendants failed to furnish a statement listing hours worked, rates paid, gross wages, and the tip allowance claimed as part of their minimum hourly wage with every payment of wages to Plaintiff and putative class members.

**TENTH CAUSE OF ACTION AGAINST DEFENDANTS:**
**NEW YORK § 195(3) WAGE STATEMENT VIOLATION**

118.  Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

119.  Pursuant to Section 195(3) of the New York Labor Law, an employer is required to furnish each employee with a statement with every payment of wages that identifies, among other things, whether the employee is paid by the hour, shift, day, week, salary, piece, commission, or in another manner. For employees that are not exempt from overtime compensation under New York state law or regulation, such wage statement must also include "the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked."

120.  Pursuant to NYLL § 198 (1-d), an employee that does not receive a wage statement, as required by NYLL § 195(3), may bring a civil action to recover damages of $250 for each work day that the violation occurs or continues to occur, but not to exceed $5,000.

121.  Plaintiff and members of the putative class did not receive any wage statements from Defendants during their employment.

122.  Defendants violated NYLL § 195(3) by failing to provide Plaintiffs or members of the putative class with wage statements containing the information required by NYLL § 195(3).

123.  Upon information and belief, the failure of Defendants to provide Plaintiff and putative class members with wage statements in violation of NYLL § 195 was willful and repeated.

124.  As a result of Defendants' unlawful acts, Plaintiff and putative class members have been deprived of the appropriate wage statements, and Defendants are liable to Plaintiff and

putative class members in the statutory amounts, plus attorney's fees, costs and any other damages permitted under the NYLL.

**WHEREFORE**, Plaintiff, individually and on behalf of all other persons similarly situated demand judgment:

(1)   on their first cause of action, in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(2)   on their second cause of action, in an amount to be determined at trial, interest, attorneys' fees, and costs;

(3)   on their third cause of action, in an amount to be determined at trial, interest, attorneys' fees, and costs;

(4)   on their fourth cause of action, in an amount to be determined at trial, interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections;

(5)   on their fifth cause of action, in an amount to be determined at trial, interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections;

(6)   on their sixth cause of action, in an amount to be determined at trial, interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections;

(7)   on their seventh cause of action, in an amount to be determined at trial, interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections;

(8)   on their eighth cause of action, in an amount to be determined at trial, interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections;

(9)   on their ninth cause of action, in an amount to be determined at trial, interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections;

(10) on their tenth cause of action, in an amount to be determined at trial, interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections; and

(11) any other and further relief the Court may deem just and proper.

Dated: New York, New York
November 15, 2016

VIRGINIA & AMBINDER, LLP

By: ___/s/_____
LaDonna Lusher, Esq.
40 Broad Street, 7th Floor
New York, New York 10004
Tel: (212) 943-9080
Fax: (212) 943-9082
llusher@vandallp.com

*Attorneys for Plaintiff and Putative Class*